MARVIN, Judge.
The issue presented in plaintiff’s appeal is purely factual:
Did plaintiff prove by a preponderance of the evidence that the defendant insurance agency misrepresented coverage under a fire insurance policy purchased by plaintiff?
The lower court decided against plaintiff. We affirm.
In May, 1973, plaintiff purchased from defendant a fire insurance policy on four rental dwellings. Defendant’s agent told plaintiff that coverage would not be afforded under the policy on any dwelling that should become vacant for more than 45 *282 days. When the policy was purchased the agent satisfied himself by a cursory inspection that the rental dwellings were in fact occupied. The agent observed such things as trash, a clothesline in use, porch furniture, one person sitting on the porch of one dwelling, to cause him to conclude the dwellings were occupied.
In July, 1974, after some negotiation over payment of past due and future premiums, the policy was renewed but without inspection by the agent to determine occupancy of the dwellings.
In May, 1975, two of the dwellings sustained a fire loss, the amount of which was stipulated. The agency agrees that it would be legally obligated for the stipulated loss should it be found that the coverage had been misrepresented.
Plaintiff and his bookkeeper testified that in 1974, when the policy was renewed, plaintiff discussed with the agent the fact that the four dwellings had been vacant and had been condemned by municipal authority as unsafe, since June, 1973. Plaintiff contends that although the agent knew the dwellings had not been occupied for much longer than the 45-day policy period, the agent intentionally misrepresented to plaintiff that the policy would afford coverage.
The record establishes that defendant has been in .business as a reputable agency for a number of years; that commission on the premium charged was only $20; and that the agent followed a practice of not writing fire insurance on property known to be vacant.
The trial court’s reasons for judgment implicitly found defendant’s testimony more credible than the testimony of plaintiff and his bookkeeper. A general finding of credibility fulfills the function of a lower court as the trier of fact. It is not necessary that detailed findings on each issue of credibility be made where testimony is conflicting. Plaintiff contends the trial court’s “reasoning” is contrary to the decision in Jordan v. Travelers Ins. Co., 257 La. 995, 245 So.2d 151 (1971). Jordan discussed generally the burden of proof in “Louisiana tort cases . . . ” and concluded on this point:
“Whatever the descriptive term used [reasonable certainty, greater weight of evidence, more convincing, legal certainty, etc.], however, proof by direct or circumstantial evidence is sufficient to constitute a preponderance, when, taking the evidence as a whole, such proof shows that the fact or causation sought to be proved is more probable than not.” (Material in brackets and emphasis supplied). 245 So.2d 155.
We do not find the trial court’s reasoning contrary to Jordan, even though we accept, arguendo, its authority.
Misrepresentation, upon which plaintiff relies, is artifice which is condemned under the category of fraud by the Civil Code. See Articles 1847-1849 LSA-C.C. Article 1848 is appropriate when considering how fraud or misrepresentation is to be proved.[1]
On plaintiff’s burden of proof, the lower court stated in part:
“When you have two parties at complete loggerheads over a question, then a case cannot be decided in favor of the proponent . . . [t]he court has to resolve a case like this on who has the burden of proof and whether that person has carried it. . [t]he testimony of plaintiff was presumably backed up by his bookkeeper, but a preponderance of the evidence is not necessarily a numerical preponderance [See Pennington v. Panepinto, 328 So.2d 812, 815 (La.App. 1st Cir. 1976)], it is a preponderance of the entire case and I just don’t believe plaintiff has proved his case by a preponderance . . . ” (Case cited in brackets supplied. Emphasis supplied)
*283 The trial court’s comments can easily be paraphrased in the language of Jordan, quoted above: “ . . . [t]aking the evidence as a whole, I just don’t believe plaintiff has proved his case by a preponderance . . ."
Our obligatory review of the evidence convinces us that the lower court did not err in accepting, rejecting or in weighing the conflicting testimony. At appellant’s cost, judgment is
AFFIRMED.

. “Fraud, like every other allegation, must be proved by him who alleges it, but it may be proved by simple presumptions, as well as by other evidence. The maxim that fraud is not to be presumed, means no more than that it is not to be imputed without legal evidence.”